UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

HEATHER V. VAILE,  No. 08-11135

                        Debtor(s).
_____/

HEATHER V. VAILE,

                        Plaintiff(s),

    v.  A.P. No. 10-1081

CISILIE A. PORSBOLL, et al.,

                        Defendant(s).
_____/

Memorandum on Request for Preliminary Injunction
_____

      Chapter 7 debtor Heather Vaile is married to a particularly despicable man. Prior to their marriage, a federal district court entered a large tort judgment against him for child abduction. In addition, he has not complied with orders of a Nevada state court to pay child support and has not paid several hundred thousand dollars in attorneys' fees ordered by that court.

      Section 11 U.S.C § 524(a)(3) of the Bankruptcy Code sets forth the rights of a debtor in a community property state when debts are owed by the debtor's spouse. That section provides that all community property is protected by the debtor's discharge from all dischargeable debts. Moreover, if a debt is of the type described in § 523(c), then the community is protected against it for all time

1

unless a timely action was filed in plaintiff's case, even if the debt is only owed by her husband. 4 **Collier on Bankruptcy** (16th Ed.), ¶ 524.02[3][c] ("[C]omplaints to determine the nondischargeability of an obligation of the debtor or of an obligation of a nondebtor spouse in a hypothetical case commenced by such spouse must be filed within the time period set forth in Federal Rule of Bankruptcy Procedure 4007(c).").

The district court judgment was in favor of a former spouse, defendant Cisilie Porsboll, and the minor children of her marriage to Vaile's current husband. Since Porsboll apparently knew about Vaile's bankruptcy and did not file a timely complaint, it would appear that she has no right to collect her judgment from the community property of Vaile's marriage. Whether the claims of the children are likewise limited is an open question. See Rule 1007(m) of the Federal Rules of Bankruptcy Procedure; *In re McGhan*, 288 F.3d 1172, 1175 (9th Cir. 2002). On the other hand, the orders made by the Nevada family law court are clearly nondischargeable pursuant to § 523(a)(5) and § 523(a)(15) of the Bankruptcy Code and not time-barred, and may therefore be enforced against Vaile's community property.

Vaile's request for a preliminary injunction is now before the court. While the law is very clear, the convoluted procedural history makes a proper resolution a little more of a challenge.

One of the complicating factors is that both the federal and state courts are "district" courts. The federal court is the United States District Court for the District of Nevada, No. 2:02-cv-0706-RLH-RJJ. The state court is the District Court, Family Division, Clark County, Nevada, No. D230385. To avoid confusion, the court will refer to the former as the "Federal Court" and the latter as the "State Court."

Another complicating factor is that the Federal Court judgment contains the following provision:

> Plaintiff Cisilie Vaile Porsboll is awarded damages of attorneys fees and costs, awarded in other cases as a result of her having to come to the United States to recover her children, overturn fraudulently obtained orders, and regain custody of her children, in the amount of $272,255,56, plus interest until paid.

2

The only issue of law the court can see is whether this provision somehow makes the Federal Court judgment nondischargeable pursuant to § 523(a)(5) or (15). Section 523(a)(5) exempts from discharge "a domestic support obligation." Section 523(a)(15) exempts debts to a former spouse "that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record, or a determination made in accordance with State or territorial law by a governmental unit." This incorporation of awards made by the State Court into the judgment made by the Federal Court creates problems, as the judgment of the Federal Court judgment contains other awards which clearly are not within the scope of § 523(a)(5) or § 523(a)(15).

Another complicating factor is that the Federal Court judgment has been"registered" with the State Court. The legal effect of this is unclear, although the court doubts that such an action can change a judgment from one subject to § 523(c) into one that is not.

This is not the time for final adjudication of these issues. Since there is a substantial likelihood that some or all of the judgment of the Federal Court is not enforceable against the community property of Vaile's marriage but no possibility that an independent judgment or order of the State Court is subject to that limitation, the court need only fashion a properly narrow injunction.

For the foregoing reasons, the court will enjoin the collection of the Federal Court judgment from Vaile's community property, including her husband's wages, pending a final determination of the dischargeability of that judgment. The court will also enjoin collection of any judgment or order of the State Court from the same property, but only to the extent such judgment or order is based solely on the Federal Court judgment. Any judgment or order of the State Court made independent of the Federal Court judgment will be fully enforceable against Vaile's community property.

The court is less than impressed with defendants' personal jurisdiction arguments. This court is required to give full effect to Vaile's discharge rights, and § 105(a) of the Bankruptcy Code gives it ample power to do so. The court does not need personal jurisdiction over defendants, as jurisdiction over their lawyers and local government officials will suffice. This is the only court which has

3

jurisdiction to determine the dischargeability of the debts discussed above.  Defendants must live with the court's injunctive relief until such time as they voluntarily submit themselves to the court's jurisdiction and obtain a judgment on the merits.

    Since Vaile's pleadings are probably being ghost-written by her husband and he has been found to have obtained court orders in prior cases by fraudulent means, the court will prepare its own injunction.

Dated: August 9, 2010

                                            Alan Jaroslovsky
                                            U.S. Bankruptcy Judge

4

# CERTIFICATE OF MAILING

I, the undersigned, a regularly appointed deputy clerk of the United States Bankruptcy Court for the Northern District of California, at Santa Rosa, hereby certify:

That I, in the performance of my duties as such clerk, served a copy of the foregoing document by depositing it in the regular United States mail at Santa Rosa, California on the date shown below, in a sealed envelope bearing the lawful frank of the Bankruptcy Judge, addressed as listed below.

Dated: August 9, 2010  By :    Katie Andersen
                                            Katie Andersen
                                            Deputy Clerk

Heather Vandygriff Vaile
P.O. Box 727
Kenwood, CA 95452